Steven L. Stern, Cal. State Bar No. 43729
LAW OFFICES OF STEVEN L. STERN
19900 MacArthur Blvd., #950
Irvine, CA 92612
TEL: (949) 553-7730
FAX: (949) 552-7732
sls@sternlaw.net

Attorney for Plaintiff, SURENDRANI HILL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN (RIVERSIDE) DIVISION

CV 07 - 04088

| | |
|---|---|
| SURENDRANI HILL, an individual, | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES (WRONGFUL RETALIATORY TERMINATION; WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY |
| v. | |
| BOOZ ALLEN HAMILTON, INC., a Delaware corporation, and DOES 1-100, inclusive | |
| Defendants. | **JURY DEMANDED** |

Plaintiff, SURENDRANI HILL, also known as "Sue Hill" ("Plaintiff" or "Sue Hill" herein), through her attorney, Steven L. Stern, a member of the Bar of the United States District Court for this District, complains of defendants herein named as follows:

THE PARTIES

1. Plaintiff, SUE HILL, an individual, is a citizen of the State of California and a resident of the County of Riverside, State of California.

2. Plaintiff is informed and believes, and on that basis alleges that Defendant, Booz Allen Hamilton ("BAH"), is a Delaware corporation with its principal place of business in Virginia.

1
HILL, Sue v. BAH, et al. - Complaint

Case 1:07-cv-00034  Document 37-1  Filed 12/04/07  Page 1 of 9

## JURISDICTION AND VENUE

3. Jurisdiction of this court is founded upon 28 U.S.C. § 1332, i.e., diversity of citizenship. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

4. Venue is proper in this district and in this division pursuant to 28 U.S.C. § 1391. This action arose out of Plaintiff's employment with BAH and since Plaintiff entered into her employment contract with BAH in the County of Riverside, venue in this district is appropriate. Furthermore, Defendants clearly conduct business in the Central District, including the County of Los Angeles and the County of Riverside, State of California.

## FACTS

5. Plaintiff was interviewed by Defendant BAH, in the county of Riverside and within this district, during or about the month of April 2003, and was thereafter hired by Defendant BAH to provide support services at Norton and March Air Force Bases, located respectively in San Bernardino County and Riverside County, California, both of which are located within this District, on May 19, 2003. Plaintiff then served in such capacity at those locations for approximately two years, before her transfer to Andersen AFB in Guam in 2005.

6. At the end of June 2005, Plaintiff was assigned as a Global Engineering Integration and Technical Assistance contractor ("GEITA"). Before beginning her new position, Plaintiff requested a formal scope of work from BAH but never received this information from BAH. Plaintiff was informed by her then-supervisor that her position as an "Oversight" included general duties such as ensuring that the study/remediation sub-contractor, EA Engineering ("EA"), was following Standard Operating Procedures ("SOP"), providing the Air Force ("AF") with quality deliverables and maintaining the AF mission and goals in the environmental clean-up projects under the Installation Restoration Program ("IRP").

7. During Plaintiff's oversight of fieldwork conducted by EA, Plaintiff noticed that EA did not follow the SOP and this was immediately brought to the Air Force, Air Force Center for Environmental Excellence ("AFCEE") and BAH's attention in formal reports. Plaintiff recommended that EA's approach required correction.

8. In July 2005, Plaintiff continued to discover more substandard work by EA when she performed a review of EA's document deliverable and found that it was of poor quality based on Air Force and Regulatory community standards. After questioning the Air Force IRP staff, Plaintiff was told that the Air Force had been receiving documents from EA with substandard quality for about two years. After a couple of months with no improvement, Plaintiff then discussed the issues further with her supervisor at BAH, Jim Rosacker. Although at first Rosacker appeared to listen and agree with Plaintiff that the documents were not up to standard, he soon started acting as a shield for EA by running interference whenever Plaintiff provided any negative feedback on EA's work.

9. In late October to early November 2005, after several document reviews and negative feedback to EA as a whole from the AF staff and Plaintiff herself, Plaintiff was summoned to a teleconference call by BAH management, including Rosacker, where Plaintiff was sternly warned that she was making it difficult for EA to succeed and that if it came down to choosing between Plaintiff or EA, the AF would choose EA and Plaintiff would lose her position and jeopardize BAH.

10. On or about the end of 2005, Plaintiff uncovered evidence of double billing by EA. She found that there were two Task Orders ("TO"), TO 26 and TO 37, that were funding work for the identical sites in both contracts. Plaintiff notified her supervisor Rosacker of this double billing at the Remedial Project Manager's meeting in San Francisco in late January 2006; Rosacker provided no comments.

11. Between January 2006 and April 2006, Plaintiff began discovering discrepancies in billing by the EA. Such discrepancies included charging the AF twice in two different contracts for the same two IRP sites stinted for cleanup. There was also evidence of over-billing by EA and BAH as the invoices indicated that the actual hours of fieldwork did not match the amount charged for the fieldwork. Plaintiff then diligently itemized these billing discrepancies in spreadsheets so that she may present them to her supervisors as evidence of wrongdoing by EA.

12. During the period of Plaintiff's investigation, Plaintiff received an unfavorable review from her then-immediate supervisor, Romeo Miranda, Jr., in April 2006. At her review, Miranda and Rosacker told Plaintiff that although she was deemed technically capable by their client (the Air Force staff at IRP), her attitude towards the Manager at EA Engineering, Toraj Ghofrani, was "unacceptable"

3

HILL, Sue v. BAH, et al. - Complaint
Case 1:07-cv-00034    Document 37-1    Filed 12/04/07    Page 3 of 9

according to BAH core values. Rosacker further told Plaintiff that she was being placed on a tentative one-month probation and that she would be terminated if she did not improve her relationship with EA. As part of the terms of her probation, Plaintiff was required to meet with Miranda weekly to discuss her progress and to make sure that she was on the right track. Plaintiff then met with Miranda on two separate occasions wherein both times he assured Plaintiff that he was getting positive feedback on her progress. Soon thereafter, Plaintiff found out indirectly through the Air Force Flight Chief that she had now been placed on indefinite probation by BAH.

13. On May 11, 2006, Plaintiff presented her findings of billing discrepancies that were compiled into spreadsheets to the IRP Chief, Mr. Gregg Ikehara, who then in turn notified BAH. Consequently, on the following day, Plaintiff received an email from BAH requesting a teleconference that ultimately turned out to be notification of her termination of employment with BAH. Plaintiff was informed in that conversation that she had made only small improvements and it was not enough to keep her employed by BAH. On May 15th, Plaintiff received a formal termination letter from BAH, citing that she was being terminated due to "unsatisfactory performance." Plaintiff's last day of employment with BAH was May 31, 2006.

## FIRST CLAIM FOR RELIEF

**Wrongful Termination in Retaliation against Employee for Advising Management of Observed Violations of Statutes, Rules and Regulations, and of Refusal to Participate in such Activities, in violation of §1102.5 of the California Labor Code**

**(Against Defendant BAH and Does 1-100, inclusive)**

14. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13 hereof as if set forth at length herein.

15. Under California Labor Code §1102.5(b), an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute or a violation of or noncompliance with a state of federal rule or regulation. Defendant BAH's illegal practice of double billing and over billing the U.S. government for contractor projects is a clear violation of the False Claims Act, 31 U.S.C. §§ 3729-3733. Under the False Claims Act, those who knowingly submit, or cause another person or entity to submit, false claims for payment of government funds are

liable for three times the government's damages plus civil penalties of $5,500 to $11,000 per false claim. By reason of her complaining about and refusing to cover up BAH's billing practices that were violative of the False Claims Act, Plaintiff was protected from retaliation against her by her employer or its management for such of her acts.

16. Plaintiff's termination on May 31, 2006, was not the result of any bona fide dissatisfaction with Plaintiff's work but rather was in retaliation for her having become aware of the aforementioned irregularities in the conduct of BAH's operations, which she called to the attention of BAH management and which she advised such management were activities in which she would not participate because they involved violations of state and/or federal statutes, rules or regulations.

17. As a direct and foreseeable result of the said termination of her employment, Plaintiff sustained economic damages for past and future loss of earnings and benefits. As of the date hereof, Plaintiff has still not secured employment comparable in pay to her employment with BAH, and the amount of such lost earnings are as yet not fully known to her, but the amount thereof, which have already exceeded the sum of One Hundred Thousand Dollars, will be shown at the time of trial herein.

18. As a further direct and foreseeable result of the said termination of her employment, and the circumstances pertaining thereto, Plaintiff sustained severe emotional distress, to her further damage in such amount as will be shown at the time of trial herein.

19. The acts of defendants herein named were willful and malicious, were intended to inflict severe emotional distress and economic loss upon plaintiff, and were in willful disregard of the rights of plaintiff as set forth in the foregoing statute. Furthermore, Defendant BAH ratified and approved of the foregoing wrongful acts of its individual employees which are hereinabove set forth. By reason thereof, plaintiff is entitled to recover punitive damages from BAH in such amount as the Court deems proper.

20. By reason of the foregoing wrongful acts of defendants, Plaintiff has been required to retain legal counsel to represent her in this matter, and to incur legal fees arising therefrom, and by reason thereof is entitled to recover her reasonable attorneys' fees herein incurred.

## SECOND CLAIM FOR RELIEF

**Wrongful Termination in Violation of Public Policy**

**(Against Defendant BAH and Does 1-100, inclusive)**

5

**HILL, Sue v. BAH, et al. - Complaint**
Case 1:07-cv-00034   Document 37-1   Filed 12/04/07   Page 5 of 9

21. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 17, hereof as if set forth at length herein.

22. The termination of Plaintiff was pretextual, without any valid reason, and in violation of public policy as set forth in statutes specifically enacted by the California Legislature to protect employees from discriminatory or retaliatory behavior by their employers, as codified in both California Labor Code §1102.5(b) and FEHA.

23. As a direct and foreseeable result to said discrimination, Plaintiff sustained economic damages for past and future loss of earnings and benefits. Although as of the date hereof Plaintiff has obtained full-time employment, it is not comparable to her position at BAH. The amount of such lost earnings are as yet not fully known to her, but the amount thereof, which has already exceeded the sum of One Hundred Thousand Dollars, will be shown at time of trial herein.

24. As a further direct and foreseeable result of the said termination of her employment, and the circumstances pertaining thereto, Plaintiff sustained severe emotional distress, to her further damage in such amount as will be shown at the time of trial herein.

25. The acts of defendants herein named were willful and malicious, were intended to inflict severe emotional distress and economic loss upon plaintiff, and were in willful disregard of the rights of plaintiff. Furthermore, Defendant BAH ratified and approved of the foregoing wrongful acts of its individual employees which are hereinabove set forth. By reason thereof, plaintiff is entitled to recover punitive damages from BAH in such amount as the Court deems proper.

WHEREFORE, Plaintiffs pray for relief from Defendants, and each of them, to the extent named in the respective Claims for Relief as set forth herein, as follows:

1. Economic damages in the amount of lost compensation and employment benefits, in such amount as may be shown at trial;

2. General damages for severe emotional distress, in such amount as may be shown at trial;

3. Punitive damages in such amount as the Court deems proper to punish the defendants for their wrongful acts and to deter future conduct of such nature;

4. Reasonable attorneys' fees as allowed by applicable statute as to her First Claim herein;

5. Costs of suit herein incurred; and

6. Such further relief as the Court deems just and proper.

DATED: June 15, 2007

Respectfully submitted,

Steven L. Stern
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury in the within action.

DATED: June 15, 2007

Respectfully submitted,

Steven L. Stern
Attorney for Plaintiff

7

HILL, Sue v. BAH, et al. - Complaint

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SURENDRANI HILL

**DEFENDANTS**
BOOZ ALLEN HAMILTON, INC.

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Riverside

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
STEVEN L. STERN (SBN 43729)
19900 MacArthur Blvd. Suite 950
Irvine, CA 92612
(949)553-7730

Attorneys (If Known)
Unknown at this time.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No        ☐ **MONEY DEMANDED IN COMPLAINT:** $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
U.S.C. - Wrongful Termination of Employee

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☑ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV 07 - 04086 (OPx)

CV-71 (07/05)        CIVIL COVER SHEET        JUN 2 1 2007        Page 1 of 2

Case 1:07-cv-00034   Document 37-1   Filed 12/04/07   Page 8 of 9

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Plaintiff is a citizen of the State of California, County of Riverside

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
   Delaware and Virginia

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Riverside County, CA

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 06-14-07

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |